## Ex Parte MURPHY.

### No. 21,146; August 4, 1894.

37 Pac. 468.

**Habeas Corpus—Expiration of Sentence—Escapes.—When in** habeas corpus the sheriff returns that he holds the prisoner by vir-tue of a commitment to the house of correction for three years, and the commitment bears a date more than three years old, the court cannot consider an unauthenticated statement of dates when the prisoner escaped and was recaptured, and of the date when his term will end, the same being pinned to the sheriff's return, as proof that the prisoner has not in fact served his term.

Habeas corpus ex parte Thomas Murphy. Petitioner dis-charged.

G. E. Colwell for petitioner.

PER CURIAM.—The petitioner was convicted of grand larceny in the superior court of the city and county of San Francisco, March 1, 1889, and on March 9, 1889, was sen-tenced to be confined in the house of correction of said city and county for the term of three years. Upon his petition and averment that he is illegally restrained of his liberty by the sheriff of said city and county, a writ of habeas corpus was issued out of this court, directed to said sheriff, and to the said writ the sheriff made return that he holds the petitioner by virtue of a commitment issued under the aforesaid judg-ment, said commitment consisting of a certified copy of the judgment. As the commitment bears date March 9, 1889, it appears upon its face that the period of confinement for which the petitioner was sentenced has expired, and, as the sheriff presents no other authority for restraining him of his liberty, it follows that he is entitled to be discharged. It was suggested at the first hearing of the matter that the petitioner had in the meantime escaped from the house of correction, and that he had not in fact been confined for the full period of his sentence. Thereupon leave was given to the sheriff to amend his return, for the purpose of showing these facts, but he has failed to make such showing, and again returns that

he holds him by virtue of the original commitment. There is attached, by a pin, to the amended return filed by the sheriff, what purports to be a list of dates at which the petitioner escaped, and was recaptured, and the statement of the time when his term of confinement will expire. This list or statement is signed "Chas. Gildea, Supt.," but is not authenticated in any other mode, nor is it in any way referred to by the sheriff, and cannot be considered as giving to that officer any authority to retain the petitioner in his custody. The petitioner is discharged.